NICOLE L. and Another, Respondent. (And Two Other Proceedings.) (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Family Court properly determined that the father's consent to the adoptions was not required. Domestic Relations Law § 111 (1) (d) provides that consent to adoption shall be required "[o]f the father, whether adult or infant, of a child born out-of-wedlock and placed with the adoptive parents more than six months after birth, but only if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child."

■ In the Matter of NICOLE L., an Infant. (Appeal No. 2.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.*, ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—adoption.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.